UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN ANTHONY MOORE,
    Plaintiff,

vs.                                                    Case No.: 3:22cv02311/MCR/ZCB

BRENDAN BROWN,
    Defendant.
    _____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a *pro se* civil rights action under 42 U.S.C. § 1983. The named Defendant is Brendan Brown, an officer with the Pensacola Police Department. Presently before the Court is Plaintiff's amended complaint. (Doc. 9). Plaintiff has already filed a lawsuit against the same defendant involving the same conduct, and it was dismissed for failure to state a claim. (Doc. 7, 3:20-CV-05725/MCR/HTC). Therefore, Plaintiff's current case should be dismissed as duplicative and malicious under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

### I.    Background

In this § 1983 action, Plaintiff claims Defendant, a Pensacola police officer, violated his Fourth Amendment rights. Plaintiff alleges Defendant violated the

---

[1] The Court previously advised Plaintiff that his initial complaint was duplicative and subject to dismissal. (Doc. 7 at 10-11.). Plaintiff was afforded the opportunity to file an amended complaint. Plaintiff filed an amended complaint (Doc. 9), but it remains duplicative of his earlier lawsuit.

1

Fourth Amendment by pulling him over for running a red light when, in fact, the light was green. Plaintiff further claims that Defendant tampered with a video of the traffic stop during a state court proceeding. Plaintiff previously sued Defendant, along with the City of Pensacola Police Department, in an action filed on September 9, 2020. (Doc. 7, 3:20-CV-5725). A review of that complaint shows it involves the same incident and claims as the amended complaint in this case. (Doc. 5, 3:20-CV-5725). Plaintiff's prior case was dismissed on November 18, 2020, for failure to state a claim. (Doc. 7, 3:20-CV-5725).

## II.   Discussion

Because Plaintiff is proceeding *in forma pauperis* (Doc. 5), the Court is statutorily required to review Plaintiff's amended complaint to determine whether this action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A review of Plaintiff's amended complaint reveals this action is duplicative and malicious.

A complaint that is malicious is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). Relying on *Black's Law Dictionary*, the Eleventh Circuit has explained that "malicious" for purposes of § 1915(e)(2)(B)(i) means "the improper . . . use of a legitimately issued court process to obtain a result that is either unlawful or beyond the process's scope." *Daker v. Bryson*, 841 F. App'x 115, 121 (11th Cir.

2020). Applying that definition, the Eleventh Circuit has held that duplicative cases qualify as malicious for purposes of § 1915(e)(2)(B)(i). *See Daker v. Ward*, 999 F.3d 1300, 1305–06 (11th Cir. 2021) (affirming dismissal of a case that involved the same or substantially similar challenges as two other cases against many of the same defendants); *see also Daker*, 841 F. App'x at 120–21 (affirming dismissal of claims as malicious because they were duplicative of claims made in a prior lawsuit).

Other circuit courts have said the same thing. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (stating that "repetitious litigation of virtually identical causes of action is subject to dismissal . . . as malicious."); *see also Griffin v. Zavaras*, 336 F. App'x 846, 849 (10th Cir. 2009) ("The district court correctly determined that [the plaintiff's] action qualifies as 'frivolous or malicious' because it duplicates previous litigation. A complaint that rehashes previously litigated issues may be dismissed a frivolous or malicious."). And district courts across the Eleventh Circuit have routinely dismissed duplicative complaints as malicious. *See, e.g.*, *Dent v. Bailey*, No. 5:22-CV-52, 2022 WL 1005073, at *3 (N.D. Fla. Mar. 11, 2022) (dismissing complaint because "Plaintiff is asserting the same claims against the same Defendants based on the same underlying facts" as previous case); *Williams v. Barley*, No. 1:18-CV-5347, 2018 WL 10733632, at *1 (N.D. Ga. Nov. 29, 2018) (dismissing complaint because the "claims are duplicative of another pending lawsuit"); *Pierson v. Shelton*, No. 1:07-CV-708, 2007 WL 2710407, at *1

(M.D. Ala. Sept. 13, 2007) (dismissing complaint as malicious because the "complaint Plaintiff filed in this case is indistinguishable from a complaint he previously filed with this Court").

Here, Plaintiff's amended complaint is duplicative of the claims raised in Case No. 3:20-CV-5725 ("*Moore I*"). The complaint in *Moore I* named the same defendant (Officer Brown) and alleged the same misconduct (a Fourth Amendment violation) stemming from the same underlying incident (a traffic stop and subsequent state court proceedings). When Plaintiff filed his initial complaint in the current case, he was advised that it was duplicative of *Moore I* and subject to dismissal as malicious. (Doc. 7 at 10-11). Plaintiff filed an amended complaint, but his amended complaint did not correct the deficiency and it remains duplicative of *Moore I*. Because Plaintiff's amended complaint (Doc. 9) raises the same claim against the same defendant arising out of the same incident as *Moore I*, this case should be dismissed as duplicative and malicious under section 28 U.S.C. § 1915(e)(2)(B)(i). Because Plaintiff has already been given an opportunity to amend, an additional opportunity to amend would likely be futile.

### III.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.   Plaintiff's amended complaint be **DISMISSED with prejudice** as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 7th day of November 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**